IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **LORENZO VALENTINE,** individually and on behalf of similarly situated persons,<br><br>    Plaintiffs,<br>**v.**<br><br>**OUR TOWN HOSPITALITY, LLC (d/b/a The Georgian Terrace)**<br><br>    Defendant. | Case No. _____<br><br>**Collective Action Complaint**<br><br>**Jury Demanded** |

**COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, LOREZNO VALENTINE, individually and on behalf of all others similarly situated, bring this Complaint against Defendant, OUR TOWN HOSPITALITY, LLC, doing business as THE GEORGIAN TERRACE, for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* as a result of operating an illegal tip pool, illegally distributing tips to Defendant's managers in contravention of federal law, for illegally withheld tips from the tip pool, all resulting in unpaid minimum wages, retaliation, declaratory relief, and other relief under the FLSA.

**NATURE OF CASE**

1.      Defendant is a hotel management company that owns and operates The

1

Georgian Terrace hotel in the State of Georgia.

2. At its hotel, The Georgian Terrace offers food, drink, and entertainment to the public and employs bartenders to carry out these offerings.

3. The Georgian Terrace paid its bartenders and servers a sub-minimum wage plus tips for their work performed.

4. The Georgian Terrace also requires employees to share tips to be distributed from a mandatory tip pool.

5. Pursuant to the FLSA, all tips are the sole property of the employee regardless of whether the employer takes a tip credit. The law also prohibits any arrangement between the employer and tipped employee whereby any part of the tip received becomes the property of the employer or the employer's managers. For example, even where a tipped employee receives at least minimum wage, the employee may not be required to turn over his or her tips to the employer or the employer's managers. *See Howard v. Second Chance Jai Alai LLC*, 2016 WL 3349022, at *8 (M.D. Fla. June 16, 2016) ("The forced sharing of tips with management is an illegal practice that would invalidate the tip pool, regardless of whether the members of management are engaged in services that could be the subject of tipping").

6. Defendant, here, violated the FLSA by, among other reasons, illegally retaining tips that should have been distributed to Plaintiffs and similarly situated bartenders/servers (hereinafter "collective members").

## PARTIES

7. At all times relevant to this action, Defendant is a Georgia Limited Liability Company which operates hotels in the greater Atlanta area.

8. Plaintiff worked at Defendant's from approximately February 2022 to September 2023 at The Georgian Terrace located at 659 Peachtree Street NE, Atlanta, Georgia 30308.

## JURISDICTION & VENUE

9. The FLSA authorizes court actions by private parties to recover damages for violations of its wage and hour provisions. Jurisdiction over Plaintiff's FLSA claim is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question).

10. Venue in this District is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District.

11. All conditions precedent to the filing of this lawsuit have been met or otherwise waived.

## **GENERAL FACTUAL ALLEGATIONS**

12. Defendant is in the hotel industry and offers food, drink, and entertainment to the public.

13. At all material times, Defendant is/was an enterprise subject to the FLSA's provision on minimum and overtime wages.

14. At all material times, Defendant is/was an enterprise engaged in commerce or in the production of goods for commerce, in that said enterprise has had at least two employees:

   a) Engaged in commerce; or

   b) Engaged in the production of goods for commerce; or

   c) Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. food, drinks, alcoholic beverages, cups, plates, restaurant equipment, office supplies and other items used to run the business).

15. At all material times, Defendant has had two or more employees who routinely ordered materials or supplies such as office supplies and equipment, food service products, and food preparation productions from out of state vendors.

16. At all material times, Defendant has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

17. As a bartender, Plaintiff was responsible for serving food and beverages, explaining the menu, and taking orders from guests, and adhering to company standards for food and beverages.

18. Plaintiff individually engaged in commerce as defined by 29 U.S.C. §§ 206(a) and 207(a)(1) as he was required to accept payment from customers using credit cards issued by out of state financial institutions on a daily basis and worked in a restaurant which served customers who traveled from out of state destinations.

19. At all material times, Plaintiff and the collective members are/were considered "employees" of Defendants'.

20. Based upon information and belief, Defendant developed and implemented the compensation and tip pool policies at issue in this lawsuit.

21. Plaintiff and the collective members were allegedly paid pursuant to a "tip credit" method (i.e., were paid the minimum wage, minus a tip credit taken by Defendant).

22. Plaintiff and the collective members received tips and were required to contribute a portion of their tips to a mandatory tip pool.

23. Defendant operated an illegal tip pool in that Defendant withheld a portion of the tips from the tip pool and distributed those tips to Defendants' managers, who is/are not customarily and regularly tipped employees, in violation of the FLSA.

24. Between August and September of 2023, Plaintiff raised complaints about the improper tip distribution and nonpayment of his tips to Defendant's management and Corporate Human Resource personnel.

25. Following Plaintiff's complaint, Defendant retaliated against him by ultimately terminating him the day after corporate management came to the workplace to speak to employees.

26. As a result of these improper common policies and practices, Defendant illegally took a tip credit under federal law in regard to its bartenders and servers.

27. Additionally, because tips are the sole property of the employee, Defendant must repay the illegally withheld tips to Plaintiff and the collective members.

28. Defendant did not act in good faith or reliance upon any of the following in formulating their above pay practices: (a) case law, (b) the FLSA, 29 U.S.C. §§ 201-219, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

29. In light of the foregoing, Plaintiff and the collective members are entitled to liquidated damages in addition to their unpaid minimum wages, and reimbursement of illegally withheld tips.

30. Plaintiff and the collective members have incurred and are continuing to incur reasonable attorneys' fees and costs and are entitled to reimbursement for same.

## COLLECTIVE ACTION ALLEGATIONS

31. Plaintiff brings this FLSA claim as an "opt-in" collective action on behalf of similarly situated servers pursuant to 29 U.S.C. § 216(b).

32. The collective is defined as follows: "All bartenders and servers who worked for Defendant at any time during the three-year period preceding the filing of this Complaint to the present."

33. The FLSA claims may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

34. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendant's illegal practice of distributing tips to employees who do not customarily receive tips, invalidating the tip pool and causing unpaid minimum wages and tips.

35. The number and identity of other plaintiffs yet to opt-in may be ascertained from Defendant's records, and potential collective members may be notified of the pendency of this action via mail and electronic means.

36. Plaintiff and all of Defendant's bartenders and servers are similarly situated in that:

   a) They have worked as bartenders or servers for Defendant;
   b) They were all compensated in the same manner, i.e., by Defendant utilizing a tip credit and paying bartenders and servers by the hour; and
   c) They were all required to contribute to Defendant's mandatory tip pool in which tips were illegally distributed to employees who do not customarily receive tips, invalidating the tip pool.

**COUNT I – RECOVERY OF MINIMUM WAGE COMPENSATION**

37. Plaintiffs, on behalf of themselves and all those similarly situated, hereby incorporate by reference the allegations contained in Paragraphs one (1) –

thirty-six (36) above.

38. Defendant violated the FLSA by failing to pay Plaintiff and collective members the full minimum wage for all hours worked, unlawfully retaining tips, and including managerial employees in the tip pool.

39. Plaintiff and the collective members are/were entitled to be paid full minimum wages for each hour during their employment with Defendant.

40. Plaintiff and the collective members are/were entitled to all tips earned by them during their employment with Defendant.

41. Because Defendant's practice results in Plaintiff and collective members' being forced to illegally share tips with Defendant, Defendant cannot utilize a tip credit method of payment and the tip credit which Defendant took is destroyed.

42. Plaintiff and the collective members did not receive all tips earned by them during one or more workweeks during their employment with Defendant.

43. Plaintiff and the collective members did not receive the full minimum wage contrary to the FLSA as a result of Defendant's improper practice and policy of requiring them to contribute to a tip pool that included employees who do not customarily receive tips.

44. As a result of Defendant's improper policy(s) and practice(s), Plaintiff

and the collective members have not received the full amount of tips earned by them during one or more weeks during their employment with Defendant.

45. As a result of Defendant's improper policy(s) and practice(s), Plaintiff and the collective members have not been properly compensated the statutory minimum wage for all hours worked per week during their employment with Defendant.

46. Defendant carried out its illegal pattern and practice of failing to pay full minimum wages knowingly, willfully, or with reckless disregard.

47. Defendant did not act in good faith or reliance upon any of the following in formulating their pay practices: (a) case law, (b) the FLSA, 29 U.S.C. §§ 201-219, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

48. Defendant willfully failed to pay Plaintiff and the collective members the statutory minimum wage during the subject period of work contrary to the FLSA.

49. As a direct and proximate result of Defendant's deliberate nonpayment of wages, Plaintiff and the collective members have been damaged in the loss of tips for the subject weeks that they worked for the Defendant.

50. As a direct and proximate result of Defendant's deliberate

nonpayment of wages, Plaintiff and the collective members have been damaged in the loss of minimum wages for the subject weeks that they worked for the Defendant.

51. As a result of Defendant's willful violation of the FLSA, Plaintiff and the collective members are entitled to liquidated damages and reasonable attorneys' fees and costs.

52. Plaintiff demands a trial by jury on all issues so triable.

WHEREFORE, Plaintiff, LOREZNO VALENTINE, on behalf of himself and those similarly situated, demands judgment against Defendant for tips improperly retained, unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II –FLSA RETALIATION

53. Plaintiff hereby incorporate by reference the allegations contained in Paragraphs one (1) – thirty-six (36) above.

54. Plaintiff engaged in protected activity under the FLSA by raising complaints about Defendant's unlawful wage practices, including improperly withheld tips.

55. Defendant retaliated against Plaintiff for engaging in protected activity

11

under the FLSA by eventually terminating his employment.

56. Defendant's retaliatory actions were willful.

57. Plaintiff was injured by Defendant's violations of the FLSA, for which Plaintiff is entitled to legal and injunctive relief.

58. Plaintiff demands a trial by jury on all issues so triable.

WHEREFORE, Plaintiff demands an Order awarding:

(a) payment to Plaintiff for retaliation damages allowed by law;

(b) judgement that Defendant retaliated against Plaintiff in violation of the FLSA;

(c) an equal amount of liquidated damages, or in the alternative pre-judgment and post-judgment interest at the highest rate allowed by law; and

(d) reasonable attorneys' fees and costs for all time worked by the attorneys for Plaintiff in prosecuting this case.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated this 30th day of December, 2024.

                                  **/s/ C. RYAN MORGAN**
                                  C. Ryan Morgan, Esq.
                                  Georgia Bar No. 711884
                                  Morgan & Morgan, P.A.
                                  20 N. Orange Ave, 15th Floor

Orlando, FL 32801
*MAILING ADDRESS:*
*P.O. Box 530244*
*Atlanta, GA 30353-0244*
T: (407) 420-1414
F: (407) 245-3401
E:  RMorgan@forthepeople.com
*Attorneys for Plaintiffs*